QUINLAN *v.* LOGGHE STAMPING COMPANY

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 November 6, 1969, at Lansing. (Docket No. 6,305.)   Decided February 23, 1970.

Complaint by Thomas Quinlan, doing business as Cass Tool & Die Company, against Logghe Stamping Company for payment on a contract.   Counterclaim by defendant for breach of the contract.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Schmidt, Nahas & Coburn,* for plaintiff.

*Hinks, Knight & Putnam,* for defendant.

Before:   J. H. Gillis, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam.   Defendant employed the plaintiff tool company to build a die, which was intended to produce a part to be used in the fulfillment of a contract between the Ford Motor Company and the defendant.   The die was to be manufactured in accordance with a drawing submitted by the Ford Motor Company.   When completed, the die would not produce the required part.   Plaintiff contends he advised the defendant, before undertaking the contract, that the proposed design would not give the required results, but the defendant insisted that plaintiff at-

tempt the job. Plaintiff claims the die was machined in accordance with the drawings submitted and disclaims any responsibility for the nonperformance of the finished die.

Defendant contends that because of the failure of the die, it was required to employ another firm to rebuild the die so that it would produce the required part, at a cost in excess of the original cost, and because of the time necessary for the rebuilding, the Ford Motor Company cancelled its production job contract with defendant.

There was a claim of the plaintiff and a counterclaim of the defendant, under a disputed set of facts, from which the trial court, sitting without a jury, found in favor of the plaintiff in the sum of $2,200 (the difference between the $5,200 judgment for the plaintiff and the $3,000 which had been paid by defendant) and costs. An examination of the lower court record reveals that there was ample evidence to support the lower court's findings. Findings of fact will not be set aside unless clearly erroneous. GCR 1963, 517.1.

Affirmed.